**STRUCTURAL SYSTEMS, INC., Plaintiff,**

v.

**Anthony J. SULFARO, et. al., Defendants.**

Civ. A. No. 88-0785-C.

United States District Court,
D. Massachusetts.

Aug. 11, 1988.

See also, 687 F.Supp. 22.

Marvin H. Margolies, Margolies & Margolies, Boston, Mass., for Structural Systems, Inc.

Peter M. Laurieat, P.C., Patricia A. McEvoy, Peabody & Brown, Boston, Mass., for Yankee Bank for Finance & Savings.

Gary R. Green Berg, Lawrence R. Kulig, Goldstein & Manello, Boston, Mass., for Anthony J. Sulfaro, Trustee A.J. Sulfaro Development Corp.

## MEMORANDUM

CAFFREY, Senior District Judge.

The plaintiff brought this suit in Massachusetts Superior Court seeking money allegedly owed by Sulfaro Development Corporation for work done on real estate owned by a real estate trust of which A.J. Sulfaro was trustee. The action was removed to this Court by the Federal Deposit Insurance Corporation, who was substituted for Yankee Bank. The matter is now before the Court on the plaintiff's motion to amend the complaint and to add Anthony Sulfaro, individually, as a defendant.

The facts as alleged by the plaintiff are as follows. Anthony Sulfaro is trustee of KLK Realty Trust, owner of certain property in Malden, Mass. Sulfaro, as trustee, contracted with Sulfaro Development Corporation (SDC) for repair and renovation of the buildings. SDC, in turn, hired the plaintiff to erect the steel for the renovations. The property was subject to a mortgage held by Yankee Bank (Yankee). After the plaintiff had begun work, SDC ordered the plaintiff to cease work.

The plaintiff then filed suit in Superior Court seeking judgment against SDC for amounts owed. Prior to that, however, Sulfaro, as trustee, filed an action against Yankee in connection with the mortgage on the property. Yankee and Sulfaro, individually and as trustee, were in the process of negotiating a settlement when the plaintiff amended its complaint to include Sulfaro, as trustee, on the grounds that Sulfaro, as trustee, owed money to SDC. The amended complaint attempted to reach and apply any money due from Yankee to Sulfaro, as trustee, and consequently to SDC. Further, the plaintiff asked for a preliminary injunction prohibiting the payment of any money to Sulfaro, as trustee, or to SDC. Before the injunction hearing, Yankee and Sulfaro settled their lawsuit. Under the settlement agreement, Yankee paid Sulfaro, individually, $180,000. In return, Sulfaro, individually and as trustee released Yankee from all claims.

Now the plaintiff seeks to reach and apply the money paid to Sulfaro, individually, to satisfy the debt. The plaintiff alleges that the settlement payment to Sulfaro, individually, was an attempt to avoid the injunction preventing payment to Sulfaro, as trustee. The plaintiff attempts to add a claim against Sulfaro, individually, for unfair and deceptive practices under M.G.L. c. 93A.

As an initial matter, the plaintiff's motion is a motion to supplement the pleadings under Fed.R.Civ.P. 15(d) rather than a motion to amend the pleadings under Fed. R.Civ.P. 15(c). "Amended" pleadings are

based on events that occurred prior to the filing of the original pleadings. "Supplemented" pleadings are based on events that took place subsequent to the filing of the original pleadings. *United States v. International Business Machines Corp.*, 66 F.R.D. 223, 227–8 (S.D.N.Y.1975). *See* Fed.R.Civ.P. 15(d) (providing for supplemental pleadings setting forth transactions, occurrences or events which have happened since the date of the pleading sought to be supplemented). In this case, the acts set out in the plaintiff's "amendment" occurred after the last amendment was filed. Despite this erroneous characterization, however, the Court may treat the motion as one to supplement the pleadings. *See Lerman v. Chuckleberry Publishing, Inc.*, 521 F.Supp. 228 (S.D.N.Y. 1981).

A motion to supplement the pleadings under Rule 15(d) is addressed to sound discretion of the Court, and should be granted when doing so will promote the justiciable disposition of the case, will not cause undue prejudice or delay or trial inconvenience and will not prejudice the rights of any parties to the action. *Bates v. Western Electric*, 420 F.Supp. 521, 525 (E.D.Pa.1976). Liberality is the rule in permitting supplemental pleadings. *Weisbord v. Michigan State University*, 495 F.Supp. 1347, 1350 (W.D.Mich.1980).

██ In this case, the supplemental pleadings are arguably necessary for justiciable resolution of the dispute. The plaintiff alleges that the settlement between Yankee and Sulfaro, individually, is a sham to avoid the effect of the plaintiff's lawsuit. It is possible that the plaintiff will not be able to recover the amount allegedly owed him unless he is able to attack this transfer. More importantly, the parties in this case would suffer no apparent prejudice as a result of the supplementation. Sulfaro is already a party to this suit in a different capacity. His capacity as trustee and as an individual appear to be closely interrelated in regards to the suit with Yankee. Finally, supplementing the pleadings would not cause any undue delay in the suit.

The defendant contests the plaintiff's allegations set out in the supplemental complaint, and argues that the claim which plaintiff seeks to add is unfounded. Such an argument would be more properly addressed to a motion to dismiss or a motion for judgement on the pleadings. Therefore, the plaintiff's motion should be allowed.

ORDER ACCORDINGLY.