Vivian **WINSLOW, et al., Plaintiffs,**

v.

**COMMISSIONER, MAINE DEPARTMENT OF HUMAN SERVICES, Defendant and Third–Party Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Third–Party Defendant.**

**Civ. A. No. 90–0297–B.**

United States District Court, D. Maine.

Sept. 27, 1991.

James Crotteau, Pine Tree Legal Assistance, Inc., Machias, Me., for plaintiffs.

David R. Collins, Portland, Me., Nancy S. Nemon, Boston, Mass., for Louis Sullivan.

Marina Thibeau, Human Services Section, Augusta, Me., for Maine Dept. of Human Services.

## ORDER AND MEMORANDUM
## OF OPINION

BRODY, District Judge.

This matter is before the Court on plaintiffs' motion for leave to file a second amended complaint. For the reasons stated below, plaintiffs' motion is GRANTED.

On October 15, 1990, plaintiffs Vivian Winslow and Judith Lambert filed a class action lawsuit in state court against the Commissioner of the Maine Department of Human Services ("DHS") charging that the Maine regulations governing eligibility for Medicaid coverage violate 42 U.S.C. § 1396b(f) and seeking declaratory and injunctive relief. Plaintiffs contend that Maine improperly calculates the income levels which determine eligibility for Medicaid coverage. Plaintiffs also seek review of DHS decisions which determined that plaintiffs, individually, were ineligible for Medicaid coverage because their income levels, as calculated under Maine's Medicaid regulations, exceeded "protected levels." [1]

The DHS filed a third-party complaint against Louis W. Sullivan, M.D., Secretary of the United States Department of Health and Human Services, seeking to bind the United States to any judgment affecting the operation of the Medicaid program in Maine. The United States removed the action from state to federal court on November 30, 1990. The United States District Court (Hornby, J.) granted plaintiff's motion for class certification on May 8, 1991, defining the class as:

All families in the state of Maine who have applied or will apply for Medicaid under the medically needy program on or after January 20, 1991; who are otherwise eligible for medically needy Medicaid; for whom the Department of Human Services has established or will establish a spenddown amount; and who would be able to obtain such Medicaid coverage with a Medicaid spenddown amount calculated as Plaintiffs allege is required.

Order Granting Class Certification at 1.

On July 17, 1991, as part of a comprehensive budgetary initiative, the Maine legislature substantially amended Maine's Medicaid statutes, requiring DHS to draft new regulations which will markedly reduce protected levels of income. P.L.1991, No. 591. Plaintiffs seek leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a) [2] to challenge the new regulations which are scheduled to go into effect on October 1, 1991. Although the plaintiffs now allege that Maine's Medicaid regulations will conflict with a different provision of federal law, 42 C.F.R. § 435.-812 (1990), they continue to allege that Maine miscalculates the income levels which govern eligibility. Plaintiffs' motion to supplement their complaint, however, is complicated by the fact that neither of the named plaintiffs is a member of the certified class any longer. Even if Maine were to calculate eligibility in the manner which plaintiffs say is appropriate, neither Winslow nor Lambert will qualify for Medicaid coverage.

The Court is satisfied that it may continue to exercise jurisdiction and that the plaintiffs should be permitted to supplement their complaint.

We first examine whether the change in Maine law which rendered the named plaintiffs unrepresentative of the

---

1. Medicaid is a cooperative federal-state program established under Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.* Federal law governing the state Medicaid programs permits each state to set "protected levels" of income (*i.e.,* the level of income which a person may receive and still remain eligible for Medicaid coverage) within a broad range. Persons with income exceeding "protected levels" are required to "spend down" the excess income they receive before becoming eligible for Medicaid.

2. Plaintiffs' motion is more accurately characterized as a motion to file a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d) since it "set[s] forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The Court will treat the motion as one to supplement. *United States v. Russell,* 241 F.2d 879 (1st Cir.1957).

certified class deprives us of jurisdiction. As the Supreme Court recently observed:

> To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.

*Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400, 410 (1990) (citations omitted). In the case before the Court, only unnamed members of the certified class and not the named plaintiffs are threatened with injuries redressable by a favorable decision of this Court. This, however, is sufficient. In class action suits, even if the claims of named plaintiffs are moot, federal courts may continue to exercise jurisdiction if an adversary relationship continues to exist between the unnamed class members and the defendants. *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 755–756, 96 S.Ct. 1251, 1259–1260, 47 L.Ed.2d 444 (1976). The unnamed class members "acquired a legal status separate from the interest asserted by [the named plaintiffs]," *Sosna v. Iowa*, 419 U.S. 393, 399, 95 S.Ct. 553–557, 42 L.Ed.2d 532 (1975), when the class was properly certified.[3] In the absence of allegations that class counsel and the named plaintiffs will not adequately protect the interests of the class, it is unnecessary to substitute a new class representative. *Sosna*, 419 U.S. at 403, 95 S.Ct. at 559.

We must also determine whether plaintiffs should be permitted to supplement their first amended complaint. We note that "an application for leave to supplement the pleadings is addressed to the discretion of the court and should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." Charles Wright, Arthur Miller & Mary Kay Kane, 6A *Federal Practice and Procedure* § 1504 at 186–187 (1990). *Accord Structural Systems, Inc. v. Sulfaro*, 692 F.Supp. 34, 35–36 (D.Mass.1988). *Compare Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (discussing motions to amend under Rule 15(a)). The Court finds that each of these criteria is met and hereby grants plaintiffs leave to supplement their complaint.

SO ORDERED.

---

**3.** The only Supreme Court case which the court is aware of in which a class action lawsuit was dismissed when the claims of the named plaintiffs were mooted involved a *constitutional* challenge where an intervening change in state law significantly fragmented the certified class and where the interests of remaining, unnamed class members potentially conflicted. *Kremens v. Bartley*, 431 U.S. 119, 127–133, 97 S.Ct. 1709, 1714–1717, 52 L.Ed.2d 184 (1977). The differing interests of the "subclasses" prompted the Court to remand the case to the district court with directions that it reconsider the class definition. *Id.* at 134–135, 97 S.Ct. at 1717–1718. The impact of Maine's legislative and regulatory change may shift the boundaries of the certified class in the present case. It will not, however, change its definition. Furthermore, the prudential considerations which prompt courts to exercise caution when asked to pass on constitutional issues, *id.* at 134 n. 15, 97 S.Ct. at 1717 n. 15, are not present in this case.