Raul C. SANCHEZ, Plaintiff,

v.

PHILIP MORRIS INCORPORATED, a Foreign Corporation, and d/b/a Philip Morris USA, and Ralph Rayburn, Sued in His Individual and Representative Capacities, Defendants.

No. CIV-90-1486-B.

United States District Court, W.D. Oklahoma.

Sept. 24, 1991.

Frederick W. Southern, Jr., Kermit V. Jones, Midwest City, Okl., for plaintiff.

Elizabeth Scott Wood, Richard Mullins, McAfee & Taft, Oklahoma City, Okl., for defendants.

FINDINGS OF FACT AND
CONCLUSIONS OF
LAW

BOHANON, District Judge.

This is a civil action brought by the Plaintiff, Raul C. Sanchez, a Hispanic male citizen of the United States and a resident of the State of Oklahoma, against the Defendants, Philip Morris Incorporated, d/b/a Philip Morris USA ("Philip Morris"), and Ralph Rayburn, for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, involving gender-based discrimination and national origin discrimination.

Jurisdiction of this court is based upon 28 U.S.C. § 1331 (federal question) and 1343(a)(4) (civil rights), and 42 U.S.C. § 2000e–5(f) (Title VII).

By previous Order on May 14, 1991, this action was bifurcated. On May 20 and 21, 1991, the court held a trial on the issue of liability of the Defendants (Liability Trial). On August 1, 1991, the court entered its Findings of Fact and Conclusions of Law relative to the Liability Trial, which were entered in the Judgment Docket of the court on August 1, 1991, finding that the Defendants had discriminated against the Plaintiff on the basis of his national origin, Hispanic, and his sex, male, when they failed to hire Plaintiff in the position of Sales Representative but instead hired a white female, Lorraine Smoot, on January 29, 1990.

The Liability Trial Findings of Fact and Conclusions of Law are hereby incorporated herein by reference.

On August 29, 1991, the court held a trial on the issue of damages. Having heard the testimony of witnesses, reviewed the documentary evidence submitted by the parties, received the stipulations of the parties offered in open court, and received oral representations and argument of counsel, the court finds that the issue of damages is ripe for determination by the court.

*Stipulations of the Parties*

The parties, in open court, offered the following stipulations:

1. January 29, 1990, is the date upon which the Defendant Philip Morris' employment relationship commenced with Lorraine Smoot instead of the Plaintiff and is the date upon which the Plaintiff would have commenced employment had he been hired instead of Ms. Smoot. The dollar amounts described in Stipulation Nos. 2–9 regarding the Plaintiff's claim for backpay are predicated upon January 29, 1990, as the starting date of Plaintiff's employment rights with the Defendant and January 29, 1991, is the applicable one year anniversary date for purposes of raises in salary.

2. On January 29, 1990, the starting salary of a Sales Representative, and consequently the salary the Plaintiff would have received if hired on that date, was $26,000.00 per annum.

3. On January 29, 1991, the salary of a Sales Representative with a "Meets Expectations" rating, and consequently the salary it is anticipated the Plaintiff would have received if employed, was raised to $27,000.00 per annum.

4. The differential in salary, after deduction for the Plaintiff's interim salary, resulting from Defendant Philip Morris' failure to hire the Plaintiff for the period January 29, 1990, through August 29, 1991, is $15,969.87.

5. The differential in benefits (e.g. insurance, retirement plans, etc.), expressed in terms of their dollar value, after deduction for the Plaintiff's benefits obtained through interim employment, resulting from Defendant Philip Morris' failure to hire the Plaintiff for the period January 29, 1990, through August 29, 1991, is $4,525.83.

6. The economic value of the cigarette allowance which would have been provided the Plaintiff by Defendant Philip Morris for the period January 29, 1990, through August 29, 1991, is $741.00.

7. The economic value for personal use of a company vehicle which would have been provided by Defendant Philip Morris to the Plaintiff for the period January 29, 1990, through August 29, 1991, is $4,976.25.

8. The issue of Plaintiff's claim for $700.00 in out-of-pocket medical expenses is reserved for later ruling by the court.

9. The total differential in salary, benefits, and all other employment allowances/values resulting from Defendant Philip Morris' failure to hire the Plaintiff for the period January 29, 1990, through August 29, 1991, is $26,212.95, not including the above $700.00 out-of-pocket medical expenses reserved in Stipulation Number 8.

10. If the court determines that frontpay is the proper remedy rather than the award of employment with the Defendant, then and in that event, the differential in salary benefits and all other employment allowances/values anticipated to affect the Plaintiff for the period commencing on August 30, 1991, and continuing, will accrue at the rate of $1,342.11 per month for whatever period the court deems reasonable and proper.

11. The Defendants' expert, Dr. Will Clark, is qualified by education, training and background to offer economic opinions relevant in this action.

*Findings of Fact*

1. The court, being fully advised in the premises, having received the above eleven stipulations of the parties presented and agreed to in open court hereby finds that these stipulations are reasonable and proper and therefore should be and are hereby approved and adopted as the findings of the court.

2. The Plaintiff has sued for, demanded, and testified that he wants to be awarded employment with the Defendant Philip Morris in Oklahoma City. It is the Plaintiff's position that Philip Morris should be ordered to instate him in a position of Sales Representative instead of awarding him frontpay.

3. It is the Defendants' position that instatement of the Plaintiff to a position of employment is not an appropriate remedy under the existing facts and circumstances and Defendant Philip Morris will not agree to any scenario where the Plaintiff would be employed by it. The reasons supporting

this position include that there is currently no position available for Plaintiff in Oklahoma City and that, given the fact that Plaintiff wants to stay in Oklahoma City, an order of instatement would require the Plaintiff to work within a very small, close-knit group of employees and that a large number of the people who would be his peers and co-workers are well aware of the litigation and were among the witnesses that testified for the Defendants in the liability stage of the case.

4. In light of the relative positions of the parties, the court is of the opinion that it would be unfair to force the Plaintiff to take a job in the environment in which he would have to take it. To force the Defendant to take the Plaintiff and have Plaintiff labor through such terrible inconvenience, embarrassment and humiliation would be unfair. The court, therefore, finds that frontpay rather than instatement to employment is the appropriate remedy under the facts and circumstances; the court further finds that the Plaintiff should be precluded from applying in the future for employment with Defendant Philip Morris.

5. In response to inquiry from the court, Plaintiff's counsel recommended that the Plaintiff be awarded frontpay for the next 36 months due to the fact that Plaintiff is currently employed on a part-time basis by Federal Express. Promotions at Federal Express are on a seniority basis. Plaintiff recently applied for a full-time position with Federal Express in Stillwater, Oklahoma, where he was ranked twelfth out of thirteen applicants because of this seniority.

6. In response to inquiry from the court, the Defendants' counsel, while not making a specific recommendation, suggested that the Plaintiff, who is eager, hard working, and has received performance evaluations by Federal Express in the fifth category, out of six being the highest, ought to be made full time within a year.

7. The Defendants' expert economist, Dr. William Clark, testified on direct examination as to the formula of calculating a "present value" of whatever amount of frontpay the court determines is appropriate. See Exhibit 102. Under cross-examination by Plaintiff's counsel, Dr. Clark also testified that the current interest rate for savings accounts is approximately five percent and that the current projected inflation rate over the next three-year period is also five percent.

8. Upon question by the court, the Plaintiff's counsel agreed to waive the $700 out-of-pocket medical expense claim should the court adopt his recommendation of 36 months frontpay.

9. Thirty-six months frontpay at the stipulated amount of $1,342.11 per month equals $48,315.96.

10. The court determines that the proper amount of frontpay is $48,315.96. The court's basis for this determination is that the Plaintiff agreed to waive the $700 out-of-pocket medical expense claim, Plaintiff wants the job and is not getting the job, he is taking this money up front, and that he will be forever barred from filing any further lawsuits in this matter or reapply for employment with the Defendant Philip Morris.

### Conclusions of Law

1. This court has jurisdiction over the parties and subject matter of this action. 42 U.S.C. § 2000e, *et seq.* (Title VII).

2. Defendant Philip Morris USA is an employer subject to the provisions of Title VII. 42 U.S.C. § 2000e(b), (h).

3. Venue is properly laid with this court. 42 U.S.C. § 2000e–5(f)(3).

4. A finding of a violation of Title VII presumptively entitles the victim of the discrimination to an award of employment, retroactive promotions and raises, and backpay including lost benefits. *Franks v. Bowman Transportation Co.,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). Plaintiff should be awarded retroactive employment, including promotions, raises, and benefits, unless other factors mitigate against such an award. Where an award of employment is deserved by a plaintiff but is, for independent reasons, inappropriate, the court is vested with

broad remedial powers to fashion an equitable remedy to make the aggrieved Plaintiff whole. In such a situation where, because of hostilities which have developed because of the litigation it would be unfair to either the Plaintiff or the Defendant to order employment, courts have frequently awarded frontpay in lieu of an award of employment. *Fitzgerald v. Sirloin Stockade*, 624 F.2d 945 (10th Cir.1980); *Jackson v. City of Albuquerque*, 715 F.Supp. 1048 (D.N.M.1987), *rev'd in part*, 890 F.2d 225 (10th Cir.1989); *EEOC v. Kallir, Phillips, Ross, Inc.*, 420 F.Supp. 919 (S.D.N.Y.1976), *aff'd* 559 F.2d 1203 (2nd Cir.1977), *cert. denied* 434 U.S. 920, 98 S.Ct. 395, 54 L.Ed.2d 277 (1977).

■ 5. Notwithstanding a prevailing Plaintiff's presumption of entitlement to retroactive relief, such relief is considered equitable, not legal, in nature. *See Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978).

■ 6. Plaintiff is not entitled to compensatory damages under Title VII. *Pearson v. Western Elec. Co.*, 542 F.2d 1150 (10th Cir.1976); *Wright v. St. John's Hospital*, 414 F.Supp. 1202 (N.D.Okla.1976).

■ 7. Plaintiff is not entitled to punitive damages under Title VII. *Pearson*, 542 F.2d at 1152.

8. As to remedies available in Title VII cases, 42 U.S.C. § 2000e-5(g) provides, in part:

> If the court finds that the [defendant] has intentionally engaged in or is intentionally engaging in an unlawful employment practice ... the court may enjoin the [defendant] from engaging in such unlawful employment practice, and order such affirmative relief as may be appropriate, which may include, but is not limited to reinstatement or hiring of employees, with or without back pay ... or any other equitable relief as the court deems appropriate.

■ 9. The date of termination of an award of backpay is within the broad discretion of the District Court, and should be determined in light of the purpose of Title VII which is to restore the injured party to his rightful place in the economic system. *Pearson*, 542 F.2d at 1152; *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 419–422, 95 S.Ct. 2362, 2372–2374, 45 L.Ed.2d 280 (1975). Although the termination date for backpay depends upon the facts of the individual's claim, courts have frequently used the date upon which the court finally resolved all matters affecting relief for the individual claimant. *U.S. v. Lee Way Motor Freight, Inc.*, 625 F.2d 918 (10th Cir. 1979).

■ 10. Plaintiff has sought an award of backpay through the date of trial. The parties have stipulated that the differential salary, differential value of benefits and economic value of all other employment allowances/values for the period January 29, 1990, through August 29, 1991, the date of the Damages Trial, is $26,212.95. The court, therefore, determines that the total backpay and economic value of lost benefits and all other employment allowances/values due to the Plaintiff from the Defendant Philip Morris is $26,212.95.

11. Plaintiff has sought an award of employment with the Defendant Philip Morris. An award of employment is expressly allowed as a remedy under Title VII. 42 U.S.C. § 2000e-5(g). However, the court determines that an award of employment is not the proper remedy in this case as previously stated in the Findings of Fact and, therefore, determines that Plaintiff should be awarded frontpay in lieu of an award of employment. The court determines that the appropriate period for an award of frontpay is thirty-six months. At the stipulated differential accrual rate of $1342.11 per month, this amounts to an award of $48,315.96. The court further determines that this amount does not require any reduction for the reasons previously stated in the Findings of Fact.

■ 12. Plaintiff has sought injunctive relief against the Defendants. The court determines that injunctive relief is not necessary or appropriate under the facts and circumstances and that the monetary awards made hereby will be sufficient to induce correction of any unlawful em-

ployment practices by Defendants. The court, therefore, denies Plaintiff's request for injunctive relief.

 13. Plaintiff has also requested an award of attorney fees and costs pursuant to 42 U.S.C. § 2000e–5(k); 42 U.S.C. § 1988. As the prevailing party, he is entitled to an award of reasonable attorney fees and costs. Plaintiff shall present his request for attorney fees and costs in accordance with the Local Rules of this court.

IT IS SO ORDERED.

A Judgment will accordingly be filed herein this day.