**ALL WEST PET SUPPLY COMPANY, Plaintiff,**

v.

**HILL'S PET PRODUCTS DIVISION, COLGATE–PALMOLIVE COMPANY, and Veterinary Companies of America, Inc.**

**HILL'S PET PRODUCTS DIVISION, COLGATE–PALMOLIVE COMPANY, Counterclaim Plaintiff,**

v.

**ALL WEST PET SUPPLY COMPANY and Michael I. Bernstone, Counterclaim Defendants.**

Civ. A. No. 92–1174–DES.

United States District Court, D. Kansas.

Dec. 13, 1993.

Ronald D. Heck, Heck & Sheppeard, P.A., Topeka, KS, Paul J. Hanley, Phyllis M. Ain, Durham & Baron, P.C., Denver, CO, for plaintiff.

Steven K. Morse, Topeka, KS, Jeffrey F. Reiman, Reiman & Associates, P.C., Denver, CO, for Hill's Pet Products Division, Colgate–Palmolive Co., Veterinary Companies of America, Inc.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the motion of Hill's Pet Products, defendant and counterclaim plaintiff, for leave to file a supplemental counterclaim (Doc. 110). For the reasons stated in this memorandum, the motion is denied.

All West Pet Supply Company ("All West") brought this diversity suit against Hill's Pet Products Division, Colgate–Palmolive Company ("Hill's") and against Veterinary Companies of America, Inc. ("VCA"), which is also a division of Colgate–Palmolive Company. All West, a former Hill's distributor, alleges that Hill's breached a provision of its distributorship agreement that required Hill's to maintain the confidentiality of certain customer and sales information provided by All West to Hill's on a periodic basis pursuant to the contract. All West also alleges that the defendants' use of the information amounts to a violation of the Kansas Trade Secrets Act.

Hill's filed a counterclaim against All West for the amount due Hill's for pet food products sold and delivered to All West. All West has stipulated in the pretrial order that it failed to pay Hill's for these products. Hill's also filed a counterclaim for fraud against Michael J. Bernstone ("Bernstone"), All West's senior executive officer and owner of All West's parent corporation, alleging that Bernstone intentionally ordered the pet food products without intending to pay for them in the event that Hill's elected not to renew All West's distributorship agreement beyond March 1992.

Hill's now seeks to file a supplemental counterclaim to assert an entirely new cause of action against All West. Hill's proposed counterclaim alleges that All West and Bernstone violated the Colorado Uniform Fraudulent Transfer Act by entering into an agreement on September 29, 1993, with a third party, CGS Distributing, Inc. ("CGS"), under which substantially all of the assets of All West were conveyed to CGS.[1] The agreement between All West and CGS explicitly excludes transfer of any obligation incurred by All West to Hill's as a result of this litigation. Hill's therefore claims that the transfer of assets was a fraudulent effort to avoid All West's admitted liability for the amount it owes Hill's for the pet products.

Hill's relies upon Fed.R.Civ.P. 13(e), 15(d), and 18(b) in support of its motion to file the supplemental counterclaim. Rule 13(e) provides, "A claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by

---

1. The agreement provides for payment of a base purchase price in five installments, beginning with a fixed payment at the time of closing on September 30, 1993. The second through fifth installments are to be paid on December 15, 1993; March 15, 1994; September 15, 1994; and October 15, 1994, respectively.

supplemental pleading." Rule 15(d) reads as follows:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. . . . .
> If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

Finally, Rule 18(b) provides in pertinent part, "[A] plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to that plaintiff, without first having obtained a judgment establishing the claim for money."

▪ The court acknowledges the applicability to this case of each of the rules cited by Hill's as the counterclaim plaintiff. However, as the language of Rules 13(e) and 15(d) makes clear, the decision whether to grant or deny a motion to allow the filing of a supplemental counterclaim is within the trial court's discretion. *Insurance Concepts, Inc. v. Western Life Ins. Co.,* 639 F.2d 1108, 1114 (5th Cir.1981); *see Gillihan v. Shillinger,* 872 F.2d 935, 941 (10th Cir.1989) (citing *Reid v. International Union, United Auto., Aerospace and Agr. Implement Workers of America (UAW–AFL–CIO), Dist. Lodge 1093,* 479 F.2d 517, 520 (10th Cir.) (granting or refusing leave to file supplemental pleading rests in trial court's sound discretion), *cert. denied,* 414 U.S. 1076, 94 S.Ct. 592, 38 L.Ed.2d 483 (1973)). Unless good reason exists for denying leave, such as prejudice to the defendants, leave to supplement a complaint is to be liberally granted. *Id.; see* Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d,* § 1510 (1990) (grounds for denying leave to file supplemental pleading); *cf. Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)[2]

▪ In this case, the pretrial order was finalized on July 6, 1993, long before this counterclaim matured. Under Fed.R.Civ.P. 16(e), the pretrial order controls the subsequent course of the litigation unless modified by a subsequent order. The rule also provides, "The order following a final pretrial conference shall be modified only to prevent manifest injustice." Although Hill's does not seek explicitly to modify the pretrial order, that would be the effect of an order granting Hill's motion. The assertion of a new issue is in effect a request to amend the pretrial order. *See R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.,* 835 F.2d 1306, 1308 (10th Cir.1987). In seeking to modify a pretrial order, "[t]he burden of establishing injustice falls squarely on the moving party." *R.L. Clark Drilling,* 835 F.2d 1306, 1308 (10th Cir.1987) (citing *Smith v. Ford Motor Co.,* 626 F.2d 784, 795 (10th Cir.1980), *cert. denied,* 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981)). Consequently, it is not All West's burden to establish prejudice in order to avoid the motion for leave to file the supplemental counterclaim. Rather, Hill's has the burden of persuading the court that manifest injustice would result unless the court were to grant its motion. Considering the circumstances of this case, Hill's has simply not established such manifest injustice as to warrant amendment of the pretrial order by permitting assertion of its supplemental counterclaim.

▪ First, the counterclaim Hill's seeks to add did not arise out of the same transaction or occurrence as the subject matter of All West's claims against Hill's. *See* Fed. R.Civ.P. 13(a). Even if it had, Hill's would not be barred by res judicata from raising its fraudulent conveyance claim in a subsequent proceeding, since the claim was not in existence prior to the service of the original answer and counterclaim. *See* Fed.R.Civ.P. 13(a). It is therefore not a compulsory counterclaim. Nevertheless, since a counterclaim not arising from the same transaction or

---

2. In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.— the leave sought [to amend a pleading pursuant to Rule 15(a)] should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. at 182, 83 S.Ct. at 230.

occurrence as the plaintiff's claim is not particularly relevant, a court may properly conclude that such a claim should be asserted in an independent proceeding, especially if, as in this case, it is advanced at a late date in the proceeding. 3 *Moore's Federal Practice* ¶ 13.32 (1993); *see also Insurance Concepts,* 639 F.2d at 1114 (trial court has discretion to refuse to allow supplemental counterclaim not particularly relevant to plaintiff's claim).

Furthermore, to permit Hill's to assert its supplemental counterclaim less than one month in advance of the date this case is set for trial[3] will complicate trial preparation and will inevitably result in delay of the trial. If the court were to grant Hill's motion, All West would have 20 days from the date the counterclaim is served to file its reply. *See* Fed.R.Civ.P. 12(a). In conjunction with its motion seeking leave to file the counterclaim, Hill's seeks permission to conduct discovery associated with the new claim. While Hill's agrees to limit and expedite the discovery, the time spent on such discovery will prevent both parties from devoting the necessary time to adequately prepare to address the main issues in dispute in this case.

Moreover, the subject matter and theory of recovery underlying the counterclaim would inject numerous issues into this litigation, with the result of unduly extending the length of this trial, presently anticipated to be ten days. *See* Colo.Rev.Stat.Ann. § 38–8–105(2) (listing factors to consider in determining whether transferor acted with actual intent to hinder, delay, or defraud any creditor). Also, the evidence pertinent to the question of whether All West's conveyance of assets was fraudulent would divert the jury's attention from the primary issues in this case, which include (1) whether Hill's use of the information supplied by All West amounted to a breach of their distributorship agreement, (2) whether the sales and customer information provided by All West may be

properly characterized as a trade secret, (3) whether Bernstone acted fraudulently in ordering pet products from Hill's in early 1992, and (4) the amount of damages, if any, to be awarded to either All West on either of its claims, or Hill's on its counterclaim for fraud.

Finally, All West claims it is entitled to set off the amount of its admitted obligation to Hill's for the products sold and delivered, stipulated as $516,517.09, against any judgment it obtains against Hill's on its claims for breach of the distributorship agreement and violation of the Kansas Trade Secrets Act. If so, and if All West's judgment[4] exceeds the amount it admittedly owes, Hill's would not be a creditor of All West and would therefore lack standing under the Colorado Uniform Fraudulent Transfer Act to assert that the transfer of assets amounted to a fraudulent conveyance. *See* Colo.Rev.Stat. Ann. § 38–8–105(1).

The cases cited by Hill's in its reply brief are not persuasive. For example, *Structural Systems, Inc. v. Sulfaro,* 692 F.Supp. 34, 36 (D.Mass.1988), the court specifically found that supplementing the pleadings would not cause any undue delay in the suit, and that the parties would suffer no apparent prejudice. In *LaSalvia v. United Dairymen of Arizona,* 804 F.2d 1113, 1119 (9th Cir.1986), *cert. denied,* 482 U.S. 928, 107 S.Ct. 3212, 96 L.Ed.2d 699 (1987), the court held specifically that no prejudice would be caused the defendants by permitting the plaintiff to supplement the complaint by asserting a post-complaint injury. In none of the cases cited by the defendant did the court state that a pretrial order had been entered prior to the date of the motion seeking leave to supplement the pleadings. In contrast, in this case Hill's assumes the burden of establishing such manifest injustice as to warrant modification of the pretrial order. This it has failed to do.[5]

**3.** This case is presently set for trial on January 10, 1994.

**4.** All West claims damages measured not only in terms of its own lost profits but also the alleged unjust enrichment of the defendants resulting from their use of the information in question. While the pretrial order does not specify the total amount of damages claimed by All West, one of

its experts will testify that All West's lost profits amounted to $1,581,600, and that the incremental profits to Hill's and VCA resulting from their alleged misuse of the information in question totalled $2,092,444.

**5.** The court notes that the agreement between All West and CGS provides for installment payments, three of which will not be due until after

In summary, Hill's has not persuaded the court that the pretrial order must be amended to permit it to assert its supplemental counterclaim in order to avoid manifest injustice.

**IT IS BY THE COURT THEREFORE ORDERED** that the motion for leave to file supplemental counterclaim (Doc. 110) is hereby denied.

**IT IS FURTHER ORDERED** that the motion for expedited discovery (Doc. 109) is hereby denied as moot.

this lawsuit is tried and judgment is entered. *See* *supra* note 1.