21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Milissa MADRIGAL, Plaintiff-Appellant,
v.
IBP, INC., Defendant-Appellee.
Evelyn I. ROSKOB, Plaintiff-Appellant,
v.
IPB, INC., Defendant-Appellee.
 Nos. 93-3308, 93-3309.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Evelyn I. Roskob and her daughter, Milissa Madrigal, brought separate retaliatory discharge actions against IBP, Inc. After the cases were developed the district court granted IBP's motion for summary judgment in each case, and subsequently denied Roskob's and Madrigal's Fed.R.Civ.P. 59(e) motions to alter or amend. They each appeal, raising only one issue: whether the district court erred by employing a clear and convincing evidence standard in resolving their claims. They contend that retaliatory discharge claims require a different standard under Kansas law. They also advise us that three days after their notices of appeal were filed in these cases, the identical question was certified to the Kansas Supreme Court by another district judge in another case. They urge us to await the answer to that certification before deciding these appeals.[2]
 
 
 3
 We decline to abate these appeals pending a response by the Kansas Supreme Court in another case to the question of the proper standard for assessing evidence in retaliatory discharge cases. At the very least, this is an open question under Kansas law, with strong Kansas authority supporting the use of a clear and convincing evidence of retaliation standard. See Palmer v. Brown, 752 P.2d 685, 690 (Kan.1988).
 
 
 4
 More to the point, however, the appellants are too late in attempting to raise the issue. They not only failed to present the issue to the district court, see FDIC v. Daily, 973 F.2d 1525, 1530 (10th Cir.1992) (arguments not presented to and considered by the district court generally will not be considered for the first time on appeal), Roskob expressly agreed that the district court should apply the clear and convincing evidence standard. The pretrial order entered in Roskob's case states:
 
 
 5
 In summary, the issues of law are as follows:
 
 
 6
 A. Whether plaintiff, ... has submitted sufficient evidence to prove by clear and convincing evidence that her termination was in retaliation for her on-the-job injury.
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 This Pretrial Order shall supersede all pleadings, shall control the subsequent course of this case and shall not be modified except by consent of the parties with Court approval or by order of the Court on its own motion to prevent manifest injustice.
 
 
 10
 Appellant Roskob's App. at 9, 15.
 
 
 11
 Roskob's counsel agreed with that order, and at no time filed a motion to amend, including the post-judgment motion under Fed.R.Civ.P. 59(e). "A pretrial order ... is the result of a process in which counsel define the issues of fact and law to be decided at trial, and it binds counsel to that definition." R.L. Clark Drilling Contractors v. Schramm, Inc., 835 F.2d 1306, 1308 (10th Cir.1987).[3]
 
 
 12
 The pretrial order in Madrigal's case is silent on the standard to be applied, and Madrigal's case asserted an additional issue. However, the cases were intertwined, jointly pursued, presented by the same counsel to the same judge, and no issue was raised in Madrigal's case regarding the burden of proof. Nor did Madrigal's Fed.R.Civ.P. 59(e) motion object to the standard employed by that court. No reason is suggested on appeal why the district court was not entitled to apply the same standard in both cases in the absence of any objection or issue on the point by the Appellants, and no justification (other than certification in another case) is advanced for our consideration of the issue in either case for the first time on appeal. Alternatively, we affirm the judgment against Madrigal on the merits.
 
 
 13
 The judgment of the district court is AFFIRMED in each of these cases.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We companion these appeals for decision because they are intertwined and the same counsel represents the parties
 
 
 [3]
 IBP's brief notes that Roskob improperly attempted to raise the issue in an untimely surreply which violated the local rules. Since Roskob's brief is silent on this matter, and since she has not included the surreply in her record, she has abandoned any argument based on that document