UNITED STATES of America, Plaintiff,

v.

Harold L. POTTORF, et al., Defendants.

No. 93–2102–JWL.

United States District Court,
D. Kansas.

March 2, 1995.

Nora Foster Quitno, Office of U.S. Atty., Kansas City, KS, Charles S. Kennedy, III, Jaye Rooney, U.S. Dept. of Justice, Office of Sp. Litigation—Tax Div., Washington, DC, for U.S.

Harold L. Pottorf, Highland, KS, pro se.

Floyd W. Pottorf, Highland, KS, pro se.

Carolyn (nmi) Pottorf, Highland, KS, pro se.

Margaret Pottorf, Highland, KS, pro se.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. Introduction

This case was filed in 1993 to reduce to judgment certain outstanding federal tax assessments against defendants Harold and Floyd Pottorf, to foreclose federal tax liens on certain parcels of real property owned by those defendants, for court ordered sales of the real property, and for deficiency judgments against the defendants. Defendants Carolyn Pottorf and the Estate of Margaret Pottorf were named as parties to the extent that they might claim an interest in the real property to be foreclosed and sold. A final pretrial conference was held before United States Magistrate Judge Gerald L. Rushfelt on April 6, 1994 and the Pretrial Order was filed on April 22, 1994, narrowing the issues for ultimate disposition.

On May 31, 1994, the case proceeded to a jury trial in which the United States sought to reduce to judgment the 1980–82 income tax assessments against Harold Pottorf and the 1980–81 income tax assessments against Floyd Pottorf, including civil fraud penalties. At the close of the evidence, the court granted the United States' motion for judgment as a matter of law with respect to the income taxes assessed Harold Pottorf for two of the three years in issue, 1981 and 1982, and with respect to Floyd Pottorf for both years in issue, 1980 and 1981. The jury returned a verdict on June 3, 1994 in favor of the United States with respect to the 1980 income taxes assessed against Harold Pottorf, and in favor of both defendants on the civil fraud penalties for all years in issue. Accordingly, on June 20, 1994, judgment was entered in favor of the United States and against Harold L. Pottorf in the total amount of $155,813.00 plus accrued and accruing interest, and on June 29, 1994, judgment was entered in favor of the United States and against Floyd Pot-

torf in the total amount of $10,797.00 plus accrued and accruing interest.

Having reduced its income tax assessments against defendants Harold and Floyd Pottorf to judgment, the United States now proceeds to seek, pursuant to 26 U.S.C. § 7403(c), foreclosure on certain parcels of real property in which the defendants own an interest in order to satisfy the judgments. The matter is currently before the court on what is styled as the United States' second motion for partial summary judgment (Doc. # 101). In its motion, the United States seeks a judgment with respect to what it advances as its claims for foreclosure on certain real property owned by Harold Pottorf, by Floyd Pottorf and by Pottorf Farms, Inc., which is not a party to this case, and for an order of sale of that real property. For the reasons set forth below, the plaintiff's motion is granted in part and denied in part. Because the court finds that the United States has failed to properly support its motion factually, and has requested the court to order relief that is beyond the parameters of this case as defined by the pretrial order, the United States' motion is denied as to the parcels of real property owned by Harold Pottorf and Pottorf Farms, Inc. The motion is granted as to the parcel of real property owned by Floyd Pottorf.

Additionally, in their response, which was captioned as "Defendant's Memorandum in Opposition to the United States' Second Motion for Partial Summary Judgment and Defendant's Cross–Motion to Vacate Judgment and Dismiss for Lack of Due Process and Jurisdiction," the defendants make a number of arguments which they contend entitle them to relief. These arguments have been entered on the docket sheet as defendants' cross-motion to vacate (Doc. # 107–1) and defendants' cross-motion to dismiss (Doc. # 107–2) and are also currently at issue. For the reasons set forth below, the defendants' cross-motions are denied.

## II. Summary Judgment Standards

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anthony v. United States*, 987 F.2d 670, 672 (10th Cir.1993). The court views the evidence and draws any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 533 (10th Cir.1994) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12.

## III. Discussion

### A. Plaintiff's Motion for Summary Judgment

In its motion for summary judgment, the United States seeks a ruling from this court that it is entitled to a judgment of foreclosure and sale of six separate parcels of real property. Of the parcels upon which the United States seeks to foreclose, one is owned by Harold Pottorf individually, one is owned by Floyd Pottorf individually, and the other four are owned by Pottorf Farms, Inc. ("Pottorf Farms").[1]

As to the four parcels of real property owned by Pottorf Farms, the United States seeks to "pierce the corporate veil" in order to treat the defendants Harold Pottorf and Floyd Pottorf as actual owners of the real property titled to the corporation in order to help satisfy their tax liabilities. In the alternative, the plaintiff seeks an order authorizing judicial sale of the defendants' corporate stock.

The court finds that the plaintiff is not entitled to summary judgment with re-

---

1. Pottorf Farms is a closely-held corporation. The shareholders of Pottorf Farms are Floyd Pottorf, who owns 39 percent; the Estate of Margaret Pottorf, which owns 28 percent; Harold Pottorf, who owns 19 percent; and Carolyn Pottorf, who owns 14 percent.

gard to the Pottorf Farms real property because the plaintiff did not include in the pretrial order either a veil piercing claim or a request to foreclose on the real estate titled to Pottorf Farms or a request to sell the corporate stock. The United States did raise the issue of foreclosure of the real property owned by Pottorf Farms in its original complaint filed on March 17, 1993, but that request is conspicuously absent from the pretrial order of April 22, 1994. In the pretrial order, at page 7, the United States asserts only that it is seeking to foreclose on certain legally described real property owned by Harold Pottorf and Floyd Pottorf. Additionally, the United States never raised the issue of piercing the corporate veil in either the complaint or the pretrial order, nor did it raise the issue of a sale of the Pottorf Farms stock. "The pretrial order supersedes the pleadings and controls the subsequent course of litigation." *Hullman v. Board of Trustees of Pratt Community College,* 950 F.2d 665, 667 (10th Cir.1991); Fed.R.Civ.P. 16(e). The hurdle which a party must leap in order to gain consideration of an issue not included in the pretrial order is a rather high one: "The order entered following a final pretrial conference shall be modified only to prevent manifest injustice." *Moss v. Feldmeyer,* 979 F.2d 1454 (10th Cir.1992); Fed.R.Civ.P. 16(e).

It is proper to exclude from a case any issue not contained in the pretrial order, whether it be a defense or a theory of recovery advanced by the plaintiffs, absent the requisite showing. *See Randolph County v. Alabama Power Co.,* 784 F.2d 1067, 1072 (11th Cir.1986). It is certainly appropriate to deny summary judgment on a claim which is not even properly in the case. Therefore, the plaintiff must first have successfully sought to amend the pretrial order to include the issues of foreclosure on the land owned by Pottorf Farms, piercing the corporate veil and sale of the stock before this court would adjudicate those issues either on a properly supported summary judgment motion or otherwise. The plaintiff has failed to do so in any meaningful way. Although the plaintiff mentioned in passing, at page 11 of its summary judgment motion, that it would like its motion treated as one to amend the pretrial

order to the extent necessary to raise the veil piercing theory, it made no showing of how manifest injustice would result if the pretrial order were not so modified and it totally ignored the fact that the pretrial order omitted any request for foreclosure on land owned by Pottorf Farms.

As to United States' request for an order authorizing a judicial sale of the parcel of real property owned by Harold Pottorf individually, the court finds that the United States has failed to properly support its motion with the necessary uncontroverted facts to enable the court to enter such a ruling. In this case, the United States has reduced its assessment against Harold Pottorf for unpaid income taxes to judgment. Thus, the United States has a lien in its favor upon all property and rights to property, whether real or personal, belonging to Harold Pottorf. *See* 26 U.S.C. § 6321. 26 U.S.C. § 7403(a) provides, not only that the United States may "enforce [its] lien," but also that it may seek to "subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." Section 7403(b) then provides that "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto." Finally, Section 7403(c) provides that the district court should "determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property ... and a proper distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."

In the present case, Carolyn Pottorf, who is Harold Pottorf's wife, has asserted that she has an undivided 50% interest in the real property owned by her husband. In her response, Mrs. Pottorf erroneously relies on an intestate succession provision of the Kansas probate code to assert her entitlement to a 50% ownership of the land titled to her husband. That provision of the probate code is not applicable to the issue at hand. However, the court does find, and the United

States concurs, that it would be possible for Mrs. Pottorf to establish a homestead interest in property owned by Harold. Under the Kansas Homestead Law, a wife has a vested, undivided one-half interest in homestead property. *See* K.S.A. § 60–2301.[2]

In *United States v. Rodgers*, 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983), the Supreme Court analyzed the issue of whether Section 7403 empowered a district court to order the sale of a family home in which the delinquent taxpayer had an interest at the time he incurred his indebtedness, but in which the taxpayer's spouse, who did not owe any of that indebtedness, also had a separate homestead right as defined by Texas law.[3] The Court held that Section 7403 granted power to a federal district court to order the sale of the home itself, and not just the delinquent taxpayer's interest in the property, with the nondelinquent spouse being entitled to so much of the proceeds as represented complete compensation for the loss of such spouse's separate homestead interest. *Id.* at 699–700, 103 S.Ct. at 2145–46. The Court went on to say, however, that Section 7403 did not require a district court to authorize a forced sale under absolutely all circumstances, and that some limited room was left in the statute for the exercise of reasoned discretion.[4] *Id.* at 706, 103 S.Ct. at 2149. The Court noted that courts did not have unbridled discretion whether or not to go ahead with a forced sale, and even when the interests of third persons were involved a certain fairly limited set of circumstances would almost always be paramount. *Id.* at 710, 103 S.Ct. at 2151. Among the relevant factors which the *Rodgers* court found a

court should consider were: (1) the extent to which the government's financial interests would be prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes; (2) whether the third party with a non-liable separate interest in the property would, in the normal course of events, have a legally recognized expectation that that separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors; (3) the likely prejudice to the third party, both in personal dislocation costs and in the possibility of undercompensation; and (4) the relative character and value of the non-liable and liable interests held in the property. *Id.* Finally, the Court noted that the limited discretion accorded by Section 7403 should be exercised rigorously and sparingly, keeping in mind the government's paramount interest in prompt and certain collection of delinquent taxes. *Id.*

In the present case the plaintiff, in its motion for summary judgment, has failed to establish the necessary factual predicate which would allow the court to order foreclosure on the land owned by Harold Pottorf. Pursuant to Section 7403(c), this court is required to "finally determine the merits of all claims and liens upon the property" prior to decreeing a sale of such property. In its statement of material facts, the United States fails to address the issue of any rights of Mrs. Pottorf in the land.[5] Because the United States in its motion has failed to establish what parties may have ownership rights to the land, it is not possible for the court to determine the "merits of all claims

---

2. K.S.A. § 60–2301 provides, among other things, that a homestead to the extent of one hundred and sixty acres of farming land, occupied as a residence by the owner or by the family of the owner, or by both the owner and family thereof, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife.

3. The Texas law analyzed in *Rodgers* is identical to that of Kansas in that both state's homestead laws provide that each spouse, regardless of whether one or both owns the fee interest, owns a separate and undivided possessory interest in the homestead.

4. The court found that the court's discretion arose from Congress' use of the word "may" as opposed to "shall" in Section 7403(c) wherein the court's authority to decree a sale of property is set forth.

5. Because the United States' motion is devoid of any facts regarding Mrs. Pottorf's interest in the property, it is impossible for this court to determine whether Mrs. Pottorf even has a homestead interest in the property owned by Harold Pottorf which the government seeks to foreclose, let alone whether the court should allow the property to be sold pursuant to the factors enumerated in *Rodgers*.

and liens upon the property," and the motion cannot be granted.

■ As to the parcel of real property owned by Floyd Pottorf, the court finds that the United States is entitled to a judgment of foreclosure and sale of the real property pursuant to Section 7403(c). The United States has established that it has a tax lien on the property, that the property is owned by Floyd Pottorf individually, who is the party liable for the nonpayment of taxes, and the defendants have not asserted that any party other than Floyd Pottorf owns an interest in the property.

### B. Defendant's motion to dismiss and motion to vacate

In their response to the United States' second motion for partial summary judgment, the defendants make an argument styled as a "cross-motion to vacate judgment and dismiss for lack of due process and jurisdiction" (the "cross-motion"). In their cross-motion, the defendants seek to "vacate the judgment against Harold Pottorf dated June 20, 1994 and vacate the judgment against Harold Pottorf dated June 29, 1994 and to dismiss this case for lack of jurisdiction and lack of due process."

■ The defendants fail to cite the procedural rule upon which their motion to "vacate" the judgments entered in June of 1994 is based. The available avenues for the defendants to attack the judgments would be by a motion to alter or amend the judgments pursuant to Fed.R.Civ.P. 59(e), or a motion for relief from judgment pursuant to Fed. R.Civ.P. 60(b). A motion to alter or amend a judgment pursuant to Rule 59(e) must be served not later than 10 days after the entry of a judgment. Clearly, defendants' motion is out of time if denominated as a Rule 59(e) motion. As to Rule 60(b) motions for relief from judgments, the rule contains a list of permissible grounds upon which a proper motion may be brought. The motion to "vacate" brought by defendants fails to comply with any of those grounds. Accordingly, because the court finds that defendants' motion to "vacate" does not comply with proper procedural rules available to attack a judgment, it shall be denied.

■ As to defendants' motion to "dismiss" for lack of due process and jurisdiction, it is difficult for the court to decipher from the motion exactly what argument the defendants are trying to make. It appears that the major thrust of defendants' argument is that due to the government's failure to comply with various implementing and notice regulations in the Code of Federal Regulations, the tax liens, and therefore the tax assessments, against Harold and Floyd Pottorf are "invalid," and thus the Court lacks jurisdiction and the defendants have been denied due process. The court finds that this attempted defense is not properly in the case due to the failure of the defendants to preserve any such defense in the pretrial order. As discussed earlier in this order, the pretrial order controls the course of litigation, and it is proper to exclude from a case any issue not contained in the pretrial order, absent the requisite showing of manifest injustice. The defendants have made no attempt to make such a showing in their dismissal motion and it is denied.

### IV. Conclusion

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** the United States' second motion for partial summary judgment is granted in part and denied in part. The motion is granted to the extent that the government is entitled to a judgment foreclosing the federal tax lien on the parcel of real property owned by defendant Floyd Pottorf and for a judicial sale of that property. The United States is directed to provide the court with a proposed order of sale when it desires to proceed. The motion is denied as to the other relief requested.

**IT IS FURTHER ORDERED THAT** the defendants' motion to vacate (Doc. # 107–1) and motion to dismiss (Doc. # 107–2) are denied.

**IT IS FURTHER ORDERED THAT** this case is re-referred to United State Magistrate Judge Gerald L. Rushfelt for supplemental pretrial proceedings to determine what issues are (or should be) in the case to be resolved, to establish a schedule on which they will be resolved and to rule on any non-

dispositive motions which the parties may choose to bring in light of this order.