**Curtis B. BARVICK, Plaintiff,**

v.

**Henry CISNEROS, Secretary of the Department of Housing and Urban Development of the United States, Defendant.**

**Civil Action No. 95–2326–GLR.**

United States District Court,
D. Kansas.

Feb. 14, 1997.

Andrew C. Marquardt, Marquardt & Associates, L.L.C., Fairway, KS, for Curtis B. Barvick.

Nancy. M. Landis, Office of U.S. Attorney, Topeka, KS, for Henry Cisneros.

## MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

On the 3rd day of February 1997 the above-captioned case came. before the court

for hearing upon Plaintiff's Motion for Equitable Relief (doc. 90). Plaintiff appeared by his attorney Andrew Marquardt. Defendant appeared by Assistant United States Attorney Nancy M. Landis.

After giving due consideration to the motion and other matters of record, and after hearing statements and arguments of counsel, the court makes the following findings and rulings:

This case proceeded to trial by jury in November 1996. The jury found for plaintiff on his claim of reverse gender discrimination. It found he should be entitled to back pay of $8,000, front pay of $32,000, and compensatory damages of $50,000. It found for defendant upon a related claim for age discrimination. Plaintiff now seeks prejudgment interest on the award of back pay, an injunction to prohibit retaliation and further discrimination against him or those who participated at trial, and a promotion, with attendant increases in pay and benefits, to the GS–13 position he would have received had defendant not discriminated against him on the basis of gender. He seeks the promotion in lieu of front pay. At the oral argument of the motion plaintiff withdrew his request for injunctive relief.

■ At the hearing defendant stated that it does not oppose the request for prejudgment interest. Accordingly, the court sustains the motion to that extent and will allow prejudgment interest upon the award of back pay. Based on the Kansas statutory rate of interest under K.S.A. 16–201, plaintiff suggests a simple interest rate of ten percent. Use of such rate is proper and reasonable. Defendant shall pay prejudgment interest upon the award of $8,000 in back pay from December 7, 1994 through the date judgment is entered by the court. As of December 7, 1996 that amount is $1,680.

The court will address the remaining issue: whether it should grant equitable relief by a promotion of plaintiff to the GS–13 position. Plaintiff suggests that the finding of the jury that defendant violated Title VII presumptively entitles him to a retroactive promotion to the position. He claims no factors mitigate against such equitable relief.

Defendant opposes such promotion only on procedural grounds. He contends that plaintiff made no claim for such relief in the final Pretrial Order of May 20, 1996 (doc. 56). Defendant argues the conclusive effect of the Pretrial Order, which includes the claims upon which plaintiff proceeds to trial, and which supersedes the pleadings and controls the subsequent course of the litigation, unless modified by the court to prevent manifest injustice. At oral argument of the motion defendant conceded, except for the Pretrial Order, that the substantive evidence would warrant the requested promotion. The opposition thus rests solely on the procedural error of plaintiff.

In his First Amended Complaint (doc. 20) plaintiff specifically sought promotion to GS–13 with accompanying pay and benefits upon his claim for gender discrimination. (First Am. Compl. at 5.) He also specifically sought such promotion in a complaint filed with Equal Employment Opportunity Commission. (Compl. of Discrimination, attached as Ex. A to First Am. Compl.) The Pretrial Order, however, makes no mention of the equitable relief now sought.

Plaintiff also omitted from the Pretrial Order a request for front pay. He specifically stated "Front Pay—None." (Pretrial Order at 7.) At the outset of trial, however, counsel for plaintiff stated his intent to seek promotion or, in the alternative, front pay. Defense counsel objected to such request for failure to include it in the Pretrial Order. The attorney for plaintiff then asserted his belief and understanding from the pretrial conference that such request would have been premature and inappropriate to include in the order; because his request for promotion seeks equitable relief not to be determined by the jury, only by the court after trial. Defendant insisted, on the other hand, that any request for equitable relief should have been included in the Pretrial Order.

■ Over objection by defendant the court at trial permitted plaintiff to present evidence relevant to front pay, with the recognition that after trial it would determine whether or not equitable relief could or should be ordered as part of the judgment to be entered. By allowing the issue to be

tried, the court in effect modified the Pretrial Order to include a request for front pay. Such modification during trial is proper to prevent manifest injustice. *Grant v. Brandt,* 796 F.2d 351, 355 (10th Cir.1986). "The assertion of a new issue is in effect a request to amend the pretrial order." *All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate–Palmolive Co.,* 152 F.R.D. 202, 204 (D.Kan. 1993). Plaintiff now seeks promotion instead of front pay.

■ "The pretrial order is a procedural tool designed to insure the economical and efficient trial of every case on its merits without chance or surprise." *Hull v. Chevron U.S.A., Inc.,* 812 F.2d 584, 588 (10th Cir.1987). Its purpose is to narrow the issues and streamline litigation. *Atchison Casting Corp. v. Dofasco, Inc.,* No. 93–2447–JWL, 1995 WL 655183, at *4 (D.Kan. Oct. 24, 1995). "To fulfill this purpose, a pretrial order that sufficiently defines the issues will generally control the lawsuit both at trial and on appeal and thus, inferentially, at least, on post trial motions, as well." *Id.* (citation omitted). "The pretrial order supersedes the pleadings and controls the subsequent course of litigation." *Hullman v. Board of Trustees of Pratt Community College,* 950 F.2d 665, 667 (10th Cir.1991). Such an order "is the result of a process in which counsel define the issues of fact and law to be decided at trial, and it binds counsel to that definition." *Madrigal v. IBP, Inc.,* 21 F.3d 1121, 1994 WL 144282, at *1 (10th Cir.1994) (Table; text on WESTLAW).

> Although judges and lawyers often think in terms of the pretrial order's impact on the actual trial of a case and the issues which are disposed of in that context, its purposes of bringing certainty concerning the issues to be determined and preventing unfair surprise are just as much appropriate to delineating the contours of post trial relief, especially where that relief is not implicit in the claims and defenses otherwise expressly preserved.

*Dofasco, Inc.,* 1995 WL 655183, at *4. "It is well established that unless the court modifie[s] its pretrial order, the parties are bound to its contents and may not contradict its terms." *Perry v. Winspur,* 782 F.2d 893, 894 (10th Cir.1986).

■ While the Pretrial Order defines the boundaries of litigation at trial and on post-trial motions, "total inflexibility is undesirable." Fed.R.Civ.P. 16 advisory committee notes (1983 amend.). Whether or not to exclude matters not in the Pretrial Order is within the sound discretion of the trial court. *Hullman,* 950 F.2d at 668.

> The hurdle which a party must leap in order to gain consideration of an issue not included in the pretrial order is a rather high one: "The order entered following a final pretrial conference shall be modified only to prevent manifest injustice."
>
> It is proper to exclude from a case any issue not contained in the pretrial order, whether it be a defense or a theory of recovery advanced by [plaintiff], absent the requisite showing.

*United States v. Pottorf,* 881 F.Supp. 482, 485 (D.Kan.1995) (quoting *Moss v. Feldmeyer,* 979 F.2d 1454 (10th Cir.1992); Fed.R.Civ.P. 16(e)). "Claims contained only in the pleadings, but not the Pretrial Order are not properly before the court." *Summerlin v. Morrison,* No. Civ.A. 91–2073–V, 1992 WL 161015, at *1 (D.Kan. June 22, 1992). The court will not consider such claims at trial or on a post-trial motion, except to prevent manifest injustice.

■ In view of all the facts before it, the court finds that manifest injustice would result were it to exclude the requested equitable relief of promotion solely because it was not mentioned in the Pretrial Order. Plaintiff asserted that request in his First Amended Complaint. The court finds no persuasive argument that defendant is surprised or that it suffers prejudice by the failure of plaintiff again to refer to such relief until shortly before trial. Defendant concedes that, if the Pretrial Order had specifically mentioned the request for promotion, it would have tried the case the same as it in fact did try it. It further does not challenge the requested promotion upon its merits. It admits that the facts suffice to warrant such relief.

The court finds nothing in the record or in the arguments of the parties or in anything else, except for the cited authorities relating

to pretrial orders, to suggest whether it should construe the unmodified Pretrial Order rigidly, as proposed by defendant, or with some leeway to permit equitable relief after trial. Common sense and experience suggest that a plaintiff should include such relief among its requests at the final pretrial conference and for the pretrial order. Considering all the facts and circumstances of this case, however, the court finds it extremely difficult to assume that, with no showing whatsoever of prejudice to defendant, an apparent misperception by counsel and a procedural defect should deprive plaintiff of a substantive right which he initially sought and which equity would allow him. For the same reason the court should deem the Pretrial Order modified to include his request for equitable relief of a promotion.

The argument of defendant for denying the requested equitable relief, furthermore, "lose[s] sight of the fact that the trial court has a broad discretion in fashioning relief to achieve the broad purpose of eliminating the efforts of discriminatory practices and restoring the plaintiff to the position that [he] would have likely enjoyed had it not been for the discrimination." *Fitzgerald v. Sirloin Stockade, Inc.*, 624 F.2d 945, 957 (10th Cir. Mar. 5, 1980). Title VII provides for a broad range of remedies, including an award of appropriate equitable relief. *See* 42 U.S.C. § 2000e–5(g) (1994). Pursuant to Fed. R.Civ.P. 54(c), moreover, the court has authority to award appropriate relief dictated by the evidence, including instatement or retroactive promotion, even though it may not have been sought in the pleadings. *Anderson v. Phillips Petroleum Co.*, 861 F.2d 631, 638 (10th Cir.1988) (applying Rule 54(c) to permit reinstatement despite the failure of plaintiff to request such a remedy). Rule 54(c) provides that "[e]xcept as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."

■■■ A request for equitable relief addresses the discretion of the court. *DuBose v. Boeing Co.*, 905 F.Supp. 953, 958 (D.Kan.

Nov. 3, 1995). The court has "considerable discretion in formulating remedies for Title VII violations." *Carter v. Sedgwick County,* 36 F.3d 952, 957 (10th Cir.1994). "[O]ne of the central purposes of Title VII is 'to make persons whole for injuries suffered on account of unlawful employment discrimination.'" *Franks v. Bowman Transp. Co., Inc.,* 424 U.S. 747, 763, 96 S.Ct. 1251, 1263–64, 47 L.Ed.2d 444 (1976) (quoting *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 418, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975)). In cases in which an employee was terminated or constructively discharged due to employment discrimination, reinstatement is the preferred remedy. *See Price v. Remington Park Inc.,* 98 F.3d 1349, 1996 WL 563849, at *1 (10th Cir. Sept. 27, 1996) (Table, Text on WESTLAW). In a case in which an employer failed to promote an individual due to employment discrimination, retroactive promotion or instatement would appear to be the preferred remedy. Such equitable relief is available under Title VII. *See Afanador v. United States Postal Serv.,* 787 F.Supp. 261, 269 (D.P.R.1991), *aff'd,* 976 F.2d 724 (1st Cir.1992). "A finding of a violation of Title VII presumptively entitles the victim of the discrimination to an award of employment, retroactive promotions and raises, and backpay including lost benefits. Plaintiff should be awarded retroactive employment, including promotions, raises, and benefits, unless other factors mitigate against such an award." *Sanchez v. Philip Morris Inc.,* 774 F.Supp. 626, 629 (W.D.Okla.1991) (citing *Franks,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444).

■■■ In this case the promotion of plaintiff to the position of GS–13, as requested, affords the relief which best makes him whole within the meaning of Title VII and the cited cases. It would accord him the position he would have received had defendant not discriminated against him on the basis of gender. "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled." Fed.R.Civ.P. 54(c). Within the meaning of this rule, the court finds plaintiff entitled to the promotion. The court further deems the Pretrial Order modified to include his request for such relief.

For the foregoing reasons, the court sustains in part and overrules in part Plaintiff's Motion For Equitable Relief (doc. 90). Upon entry of judgment, defendant shall promote plaintiff to the position of GS–13, retroactive to December, 1994. This will be in lieu of any award of front pay. The court will award prejudgment simple interest on the award of back pay at the rate often per cent per year. The court deems the motion otherwise withdrawn and therefore moot as to the request for injunctive relief.

IT IS SO ORDERED.