**Jennifer PASSANTINO, Plaintiff,**

v.

**JOHNSON & JOHNSON CONSUMER PRODUCTS, INC., d/b/a Customer Support Center, Defendant.**

**No. C96–5044RJB.**

United States District Court, W.D. Washington.

Aug. 27, 1997.

John R. Connelly, Jr., Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, Tacoma, WA, Victoria L. Vreeland, Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, Seattle, WA, for Plaintiff.

Thao A. Tiedt, Ryan, Swanson & Cleveland, Seattle, WA, Steven B. Berlin, Ronald J. Holland, Terry J. Chapko, Salime Samii, Littler, Mendelson, Fastiff, Tichy & Mathiason, San Francisco, CA, Susan L. Barnes, McKay, Chadwell & Matthews, Seattle, WA, Michael W. Droke, Littler, Mendelson, Fastiff, Tichy & Mathiason, San Jose, CA, Katherine C. Franklin, Littler, Mendelson, PC, Seattle, WA, for Defendants.

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE PUNITIVE DAMAGES AWARD

BRYAN, District Judge.

This matter comes before the court on Defendant's Motion to Strike Punitive Damages Award (Dkt.# 257). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

The plaintiff brought claims under federal and state law for sex discrimination and retaliation. Following a three week jury trial, on June 19, 1997 a jury returned the following verdict:

1) We, the jury, find for defendant on the plaintiff's federal discrimination claim.

2) We, the jury, find for defendant on the plaintiff's Washington State discrimination claim.

3) We, the jury, find for plaintiff on the plaintiff's federal retaliation claim.

4) We, the jury, find for plaintiff on the plaintiff's Washington State retaliation claim.

Only if you have found for the plaintiff on one or more of her claims, complete the following:

We, the jury, fix plaintiff's back pay damages, if any at $ $100.000,

We, the jury, fix plaintiff's front pay damages, if any at $ $2,000,000,   .

We, the jury, fix plaintiff's mental, physical, and emotional pain and suffering damages, if any at $ $1,000,000.

Only if you have found for the plaintiff on her federal discrimination claim or her federal retaliation claim, complete the following:

We, the jury, fix punitive damages against the defendant at $8.600,000.

Dkt. # 252. On June 20, 1997, the clerk entered a judgment reflecting the jury's verdict on all issues except punitive damages. Dkt. # 253. By stipulation of counsel, that judgment is not construed to be a final judgment. Dkt. # 256.

The defendant now moves to strike the punitive damages award on two grounds: 1) that because the $1 million compensatory damage award exceeds the statutory cap, no additional punitive damages are available; and 2) that there was insufficient evidence to support an award for punitive damages. In opposing the motion, the plaintiff discounts both of the defendant's argument and raises additional issues: 3) that the statutory cap on punitive damages is unconstitutional and that the court should apply multiple caps based on each distinct retaliatory act alleged by the plaintiff and included in the jury's verdict.

Before discussing the parties' arguments, it is instructive to review the claims brought by the plaintiff and the overall scheme of jury instruction. The plaintiff brought separate claims for sex discrimination and retaliation under both federal and state law. See Pretrial Order, Dkt. # 180; Jury Instruction No. 9. The elements of the federal and state claims of sex discrimination and retaliation were given separately to the jury. See Jury Instructions Nos. 10, 11, 12, and 13. The

jury verdict form provided that the jury make separate liability determinations on the federal and state claims. See Dkt. # 252, quoted above. Since the elements of compensatory damages for the state and federal claims are identical, the jury was not asked to fix separate federal and state compensatory damages.

The available compensatory damages for the federal and state claims of retaliation are set forth in Jury Instruction No. 14, and the jury completed the various items of damages on the jury verdict, fixing the same compensatory damages for both the federal and state retaliation claims. Pursuant to Jury Instruction, No. 18, punitive damages were available for, and were awarded for, only the federal retaliation claim.

For federal claims of retaliation, 42 U.S.C. § 1981a(b)(1) states as follows:

A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(3) states as follows:

The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party—

. . .

(D) in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000.

A plain reading of the statute indicates that the plaintiff's recovery on her *federal* claim of retaliation for front pay, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and punitive damages, cannot exceed $300,000 in this case because the defendant employs more than 500,000 workers. This statutory cap does not offset any state law cause of action or damages. 42 U.S.C. § 2000e–7; *Kerr–Selgas v. American Airlines, Inc.,* 69 F.3d 1205, 1214 (1st Cir.1995).

Many of the issues raised by the parties can be summarily resolved:

The evidence was sufficient to support plaintiff's federal and state retaliation claims.

The evidence was sufficient to support the punitive damage instruction under 42 U.S.C. § 1981a(b)(1).

■ The cap on federal damages found in 42 U.S.C. § 1981a(b)(3) is not unconstitutional and does not violate plaintiff's (or defendant's) right to a jury trial.

The law as reflected in the jury instructions was correct and was supported by the evidence. The verdict form was adequate.

There is no legal authority for multiple "caps" on the verdict as suggested by the plaintiff.

■ We cannot determine from the verdict form the order in which the jury made its damage determinations.

The court found no dispositive authority on the exact issue presented here. Therefore, the court must determine the *best* rule to apply.

The following verdict table may be helpful to this discussion:

| | State Claim Damage Awards | | Federal Claim Damage Awards |
|---|---|---|---|
| Back Pay | $ 100,000 | (Same damages) | $ 100,000 |
| Front Pay | $2,000,000 | (Same damages) | $ 2,000,000 |
| Mental/Emotional distress | $1,000,000 | (Same damages) | $ 1,000,000 |
| State Total | $3,100,000 | (Same damages) | $ 3,100,000 |
| | | Punitive Damages | $ 8,600,000 |
| | | Federal Total | $11,700,000 |

It appears to the court that there are two choices:

As Defendant urges, consider the compensatory damage award (excluding back pay) for state and federal claims together, and since that is clearly in excess of the cap, find that the punitive damages are subsumed in the compensatory damage award (excluding back pay), giving plaintiff a net judgment on both state and federal claims of $3,100,000; or ...

Award plaintiff her state damages of $3,100,000. She is clearly entitled to all of that amount under state law. Since those damages are the same as the federal compensatory damages, to avoid double recovery, award no federal compensatory damages, and disregard the federal compensatory damages entirely. Then apply the $300,000 cap entirely to the federal punitive damages award of $8,600,000, giving a recovery of $3,100,000 under state law and of $300,000 under federal law for a net award of $3,400,-000.

As reflected in *Kerr–Selgas,* 69 F.3d at 1214, before there can be any punitive damages, liability for either compensatory or nominal damages must be established. Under the second analysis, she would not actually recover under federal law for compensatory damages, even though the liability for those damages was established.

The Defendant's position fails to reflect the jury's decision and the fact that the state law damages stand alone and separate. To only award $3,100,000 would be to ignore the punitive damages entirely or to apply the cap, *de facto,* to the state damages.

The second alternative gives the result most consistent with state law, federal law, and most importantly, the decisions of the jury. Accordingly, this choice should be adopted by the court.

Therefore, plaintiff should receive the damage awards on her state claims intact: $3,100,000. The judgment already entered in that amount should be deemed to be based on her state claims. Plaintiff is not entitled to a double recovery, so she should get no award of compensatory damages on her fed-eral claims, and they should be excluded from further consideration.

On the remaining federal claim, the jury's verdict awarding $8,600,000 punitive damages must be reduced pursuant to 42 U.S.C. § 1981a(b)(3) to $300,000. Plaintiff is entitled to a supplemental judgment in that amount, making total judgments, exclusive of fees and costs, of $3,400,000.

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Strike Punitive Damages Award (Dkt.# 257) is **DENIED.** The clerk shall enter a supplemental judgment of $300,000, based on the jury's verdict on the federal punitive damage claim and 42 U.S.C. § 1981a(b)(3)(D). Said supplemental judgment shall be a final judgment in this case.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.