Boisvert v. Sears                    CV-96-495-M    08/05/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Jeanie T. Boisvert,
        Plaintiff

        v.                                        Civil No. 96-495-M

Sears, Roebuck & Co.,
        Defendant


## O R D E R


Jeanie Boisvert moves to amend judgment pursuant to Federal Rule of Civil Procedure 59(e) to add prejudgment and post judgment interest and to reinstate the jury's verdict as to damages.  She interprets the judgment, fairly, to award no prejudgment interest and to award post judgment interest on only the back pay award.  Sears objects to an award of prejudgment interest on Boisvert's damages and to reinstatement of the jury's damages by setting aside the statutory cap.


## A.  **Prejudgment Interest**

Prejudgment interest may be awarded, in the court's discretion, on the back pay award.  See Loeffler v. Frank, 486 U.S. 549, 557 (1988).  In this case, it is appropriate to allow prejudgment interest on Boisvert's back pay award.  The judgment shall be amended to include that interest.

It is less clear whether prejudgment interest may be awarded on capped compensatory and punitive damages awards as neither the capping statute, 42 U.S.C.A. § 1981a(b)(3), nor circuit case law

directly addresses the issue.  But see Colwell v. Suffolk County Police Dept., 967 F. Supp., 1419, 1436 (E.D.N.Y. 1997) (interpreting Second Circuit cases permitting prejudgment interest on back pay awards to allow interest on compensatory damages as well).  In general, prejudgment interest is considered part of the compensation due plaintiff -- compensation for money lost during her delay in recovery.  See, e.g., Conway v. Electro Switch Corp., 825 F.2d 593, 602 (1st Cir. 1987); See also Booker v. Taylor Milk Co., Inc., 64 F.3d 860, 868 (3d Cir. 1995).  The First Circuit has suggested that prejudgment interest is not appropriate on punitive damages awards.  Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1571 (1st Cir. 1994).

Even if prejudgment interest on capped damages or on punitive damages, whether or not capped is awardable, such an award is discretionary.  In this case, as plaintiff is fully compensated by her damages award, the court in the exercise of its discretion will not award prejudgment interest on the capped damages.

## B.  Post Judgment Interest

Plaintiff is entitled to post judgment interest on both the capped damages award and back pay.  28 U.S.C.A. § 1961(a); Scarfo v. Cabletron Sys., Inc., 54 F.3d 931, 936 (1st Cir. 1995).  The judgment shall be amended to include post judgment interest.

## C.  Application of the Statutory Cap

2

Plaintiff offers no developed legal argument in support of her claim that the cap imposed pursuant to 42 U.S.C.A. § 1981a(b)(3)(D) is unconstitutional. The only court that seems to have considered the issue decided the cap was constitutional. Passantino v. Johnson & Johnson Consumer Products, 982 F. Supp. 786, 788 (W.D. Wash. 1997). Given the lack of attention to the issue both in the motions and at oral argument, the court finds no reason to further examine the issue in the context of this case.[1] Plaintiff's motion seeking to invalidate the cap and reinstate the jury's award is denied.

## Conclusion

Plaintiff's motion to amend judgment (document no. 84) is granted in part and denied in part. Judgment shall be amended to allow prejudgment interest on the back pay award and post judgment interest on the entire capped award. The motion is otherwise denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

---

[1] Issues raised without legal amplification may be waived. The First Circuit has said: "Our review is swift because '[w]e have steadfastly deemed waived issues raised on appeal in a perfunctory manner, not accompanied by developed argumentation.' United States v. Bongiorno, 106 F.3d 1027, 1034 (1st Cir.1997). An issue lacks developed argumentation if the appellant merely mentions it as 'a possible argument in the most skeletal way, leaving the court to do counsel's work.' United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990)." Massachusetts School of Law at Andover, inc. v. American Bar Ass'n, 142 F.3d 26, 43 (1st Cir. 1998).

3

August 5, 1998

cc:   Heather M. Burns, Esq.
      Byry D. Kennedy, Esq.
      Joan Ackerstein, Esq.