Connie HEMMINGS; and Patty
Lamphiear, Plaintiffs,

v.

TIDYMAN'S, INC., a Washington
corporation, Defendant.

No. CS–97–0068–WFN.

United States District Court,
E.D. Washington.

Aug. 20, 1999.

## ORDER

WM. FREMMING NIELSEN, Chief Judge.

A post-trial motions hearing was held in this matter on June 30, 1999. Plaintiffs were represented by Shawn Price–Sladich and Richard Eymann; Defendant was represented by James Kalamon and Patrick Kirby. The Court reserved ruling on Plaintiffs' Motion for Injunctive Relief (Ct.Rec. 180), Plaintiffs' Motion for Attorneys Fees and for Costs (Ct.Rec.182), Defendant's Renewed Motion for Judgment as a Matter of Law to Disallow Plaintiffs' Double Damages Claims, Punitive Damages Claims and Plaintiff Hemmings' Disparate Impact Claim (Ct.Rec.185), Defendant's Motion to Alter or Amend Judgment in Lieu of New Trial (Ct.Rec.191), and Defendant's Motion for New Trial (Ct.Rec.197). The Court has read the file and the briefing, heard arguments of counsel and is fully informed.

## BACKGROUND

A jury trial was held in this matter from March 22 through April 13, 1999. The jury returned a verdict in favor of Plaintiffs as follows on their federal and state claims:

### For Plaintiff Connie Hemmings

| | |
|---:|---|
| $ 120,000 | Lost Wages & Benefits (past) |
| 1,580,000 | Lost Future Earnings & Benefits |
| 230,000 | Non–Economic Damages |
| 1,000,000 | Punitive Damages (federal) |
| **$2,930,000** | |

### For Plaintiff Patty Lamphiear

| | |
|---:|---|
| $ 596,500 | Lost Wages & Benefits (past—after $19,500 mitigation) |
| 1,024,000 | Lost Future Earnings & Benefits (after $775,000 mitigation) |
| 650,000 | Non–Economic Damages |
| 1,000,000 | Punitive Damages (federal) |
| **$3,270,500** | |

Shawn Price–Dladich, Richard Eymann, Spokane, WA, for plaintiffs.

James Kalamon, Patrick Kirby, Spokane, WA, for defendant.

The jury found against Plaintiff Hemmings on the following claims:

1. Disparate treatment discrimination for failing to promote Plaintiff Hemmings based on gender;

2. Payment of different compensation to Plaintiff Hemmings based on gender; and

3. Willful and intentional deprivation of any part of Plaintiff Hemmings' past wages or other compensation due to gender.

The jury found for Plaintiff Hemmings on the following claims:

1. Retaliation against Plaintiff Hemmings on the basis of gender;

2. Disparate impact discrimination for failing to promote Plaintiff Hemmings based on gender; and

3. Disparate impact discrimination for failing to provide greater pay and benefits to Plaintiff Hemmings on the basis of gender.

The jury found in favor of Plaintiff Lamphiear on all of her claims. Specifically, the jury found that the Defendant violated the law against disparate treatment discrimination by:

1. Not promoting Plaintiff Lamphiear on the basis of gender;

2. Retaliating against Plaintiff Lamphiear on the basis of gender;

3. Discharging Plaintiff Lamphiear on the basis of gender; and

4. Paying a different rate of compensation to Plaintiff Lamphiear on the basis of gender.

The jury also found that Defendant violated the law against disparate impact discrimination by:

1. Not promoting Plaintiff Lamphiear on the basis of gender; and

2. Not providing greater pay and benefits to Plaintiff Lamphiear on the basis of gender.

Lastly, the jury found that the Defendant willfully and with intent to deprive Plaintiff Lamphiear of any part of her past wages or other compensation, paid Plaintiff Lamphiear a lower wage or compensation due to gender.

## DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Fed.R.Civ.P. 50(a), Defendant seeks judgment as a matter of law vacating the jury award of punitive damages to Plaintiffs Hemmings and Lamphiear, vacating the jury award of double damages to Plaintiff Lamphiear's state wage claim, and granting a directed verdict with respect to Plaintiff Hemmings' disparate impact claim. Defendant contends there is no legally sufficient evidentiary basis for any of these awards. Plaintiffs respond that ample legal and evidentiary bases existed for the jury's decisions. Further, Plaintiffs contend that Defendant failed to renew its motion for judgment as a matter of law regarding disparate impact and retaliation at the close of evidence, therefore waiving the right to renew the motion.

A Judgment as a matter of law may be granted pursuant to Fed.R.Civ.P. 50(a) which provides that

> [i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Fed.R.Civ.P. 50(a)(1). A party may renew a motion for judgment as a matter of law after trial as an alternative to a motion for new trial if

> for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence,

the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion.

FED.R.CIV.P. 50(b). After considering a renewed motion for judgment as a matter of law, the Court may "allow the judgment to stand, ... order a new trial or ... direct entry of judgment as a matter of law." FED.R.CIV.P. 50(b)(1)(A)–(C). A party may not assert additional grounds for relief under a renewed motion for judgment as a matter of law that were not first raised in the earlier motion for a directed verdict. 9A CHARLES ALAN WRIGHT AMD ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2537 at 344.

■ The Court finds, as during trial, that Plaintiffs presented a legally sufficient evidentiary basis for the jury to find in favor of the Plaintiffs with the exception of the Plaintiffs' punitive damages claims. The jury was instructed on the heightened punitive damages standard required in gender discrimination claims. *Equal Employment Opportunity Commission v. Wal–Mart Stores Inc.*, 156 F.3d 989, 992 (9th Cir.1998); *Ngo v. Reno Hilton Resort Corporation*, 140 F.3d 1299, 1301 (9th Cir. 1998). The jury instruction was as follows:

Plaintiffs have the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that Defendant's conduct was wilful and egregious or displayed a reckless indifference to the Plaintiffs' federal rights. Punitive damages may not be awarded, however, where a Defendant's discriminatory conduct is merely negligent in respect to the existence of a federally-protected right. Evidence of intentional discrimination beyond the level required for an award of compensatory damages is necessary to support an award of punitive damages. Plaintiffs must demonstrate that the Defendant almost certainly knew that what it was doing was wrongful and subject to punishment to be entitled to an award of punitive damages.

The Court, after considering the evidence presented during trial in a light most favorable to the Plaintiffs, finds that Plaintiffs did not present a legally sufficient evidentiary basis for a reasonable jury to find by a preponderance of the evidence that Defendant's conduct toward either Plaintiff was willful and egregious or displayed a reckless indifference to the Plaintiffs' federal rights sufficient to justify an award of punitive damages. Therefore, the jury's punitive damages award cannot stand. The Court wishes to note, however, that this decision is in no way meant to imply that the jury in this case was anything other than diligent and conscientious in the exercise of its duties.

## DEFENDANT'S MOTION FOR NEW TRIAL

Pursuant to Fed.R.Civ.P. 59(a), Defendant seeks a new trial. Defendant presents a variety of arguments in support of its new trial motion. Generally, Defendants assert that the verdict was excessive, contrary to the law and the clear weight of the evidence, inconsistent on its face with respect to Plaintiff Hemmings, and that both Plaintiffs' counsel presented improper argument to the jury. Plaintiffs contend that a new trial is unnecessary.

■ Fed.R.Civ.P. 59(a) provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States...." *Id.* The decision whether to grant a new trial is "confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corporation v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

The trial court may grant a new trial, even though the verdict is supported by substantial evidence, if "the verdict is contrary to the clear weight of the evidence, or is based upon evidence which

is false, or to prevent, in the sound discretion of the trial judge, a miscarriage of justice."

*Hanson v. Shell Oil Company*, 541 F.2d 1352, 1359 (9th Cir.1976) (*quoting, Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246, 256 (9th Cir.1957)). When considering a motion for new trial, the trial court must view the evidence in a light most favorable to the plaintiff. *Fenner v. Dependable Trucking Co., Inc.*, 716 F.2d 598, 603 (9th Cir.1983).

Here, after considering the trial in a light most favorable to the Plaintiffs, the Court cannot say that the verdict was against the clear weight of the evidence or that a new trial is necessary to avoid a miscarriage of justice.

## DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT

Defendant, as an alternative to a new trial, seeks remittitur of the jury's damages awards contending that the awards were excessive in light of the evidence presented at the trial and that statutory caps under 42 U.S.C. § 1981a(a)(1) limit compensatory and punitive damages to $300,000 per Plaintiff under both federal and state law. Plaintiffs contend that the verdicts are not excessive and that the damages caps under 42 U.S.C. § 1981a limit only federal punitive damages to $300,000 per Plaintiff.

 The trial court may overturn a damage award that is "grossly excessive, monstrous, or shocking to the conscience." *DeNieva v. Reyes*, 966 F.2d 480, 487 (9th Cir.1992). If the trial court determines that a damages award is excessive, after reviewing the evidence in a light most favorable to the prevailing party, the Court may either grant a new trial or deny the new trial motion conditioned on the prevailing party's acceptance of a remittitur. *Fenner v. Dependable Trucking Co., Inc.*, 716 F.2d 598, 603 (9th Cir.1983). "The prevailing party is given the option of either submitting to a new trial or of accepting a reduced amount of damage which the court considers justified." *Id.*;

see also, *Minthorne v. Seeburg Corp.*, 397 F.2d 237, 244–45 (9th Cir.1968).

The Civil Rights Act of 1991 as codified at 42 U.S.C. § 1981a provides that the sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party—$300,000.

42 U.S.C. § 1981a(b)(3) (1998). The cap on compensatory damages and punitive damages under 42 U.S.C. § 1981a does not apply to the Plaintiffs' awards for past lost wages and benefits. "Compensatory damages awarded under this section shall not include back pay, interest on back pay, or any other type of relief authorized under § 706(g) of the Civil Rights Act of 1964 [42 U.S.C. § 2000e–5(g) ]." 42 U.S.C. § 1981a(b)(2).

In *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 982 F.Supp. 786 (W.D.Wash.1997), a case quite similar to the instant case, a jury returned a verdict of $100,000 in back pay, $2 million in front pay and $1 million in mental and emotional distress after finding Defendant violated both federal and Washington state gender discrimination statutes. *Id.* at 787. The verdict form did not differentiate between the federal and state damages. *Id.* at 788. The jury also returned $8.6 million in punitive damages on the federal claims. *Id.* at 787.

The *Passantino* court applied 42 U.S.C. § 1981a(b)(3)(D) and reduced the punitive damages award to $300,000. *Id.* at 789. The Court determined . that 42 U.S.C. § 1981a(b)(1)(D) had no effect on the state law damages, noting that the plaintiff was "clearly entitled to all of [the state law damages] under state law." *Id.* The Court then disallowed the compensatory damages award on the federal claims to avoid a double recovery since the damages for the state law and federal claims were for the

same harm. *Id.* Ultimately, the Court awarded $3.4 million as follows: $3,100,000 state law compensatory damages and $300,000 federal punitive damages. *Id.*

The *Passantino* court specifically noted that "[t]he cap on federal damages found in 42 U.S.C. § 1981a(b)(3) is not unconstitutional and does not violate plaintiff's (or defendant's) right to a jury trial." *Id.* at 789. Further, the Court noted that "[a] plain reading of the statute indicates that plaintiff's recovery on her federal claim of retaliation for front pay, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and punitive damages, cannot exceed $300,000 ... [and] this statutory cap does not offset any state law cause of action or damages." *Id.* at 788. The Court relied on *Kerr–Selgas v. American Airlines, Inc.,* 69 F.3d 1205 (1st Cir.1995) wherein the First Circuit noted that the damages caps under 42 U.S.C. § 1981a(b) do not apply to state law discrimination claims because 42 U.S.C. § 2000e–7 does not relieve Defendants from state law liability. *Id.* at 1214.

█ The Defendant urges the Court to hold that the federal statutory caps apply to the state law compensatory damages awards because Washington state courts look to federal law to interpret the Washington state gender discrimination laws. *See, Goodman v. Boeing,* 75 Wash.App. 60, 77, 877 P.2d 703 (1994) ("in the absence of adequate state authority, federal authority is persuasive in interpreting R.C.W. 49.60"). However, this Court adopts the method implicitly utilized in *Passantino* and declines to apply the damages cap found in 42 U.S.C. § 1981a(b)(3)(D) to the instant state law damages. Absent some clear indication from Washington state courts that Washington law fully incorporates the damage cap of 42 U.S.C. § 1981a(b)(3)(D), imposing the cap on the state law compensatory awards is improper. Therefore, this Court will consider the compensatory damages awarded to both Plaintiffs as damages under state law and will not apply the federal damages cap

found in 42 U.S.C. § 1981a(b)(3)(D). Finally, this Court cannot say that the total resulting damages award is excessive or shocks the conscience when considered in a light most favorable to the Plaintiffs.

## PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF

Plaintiffs seek injunctive relief, contending that Defendant engaged in discriminatory behavior which was sufficiently persistent, egregious, and systemic to warrant an affirmative action injunction. "[I]f the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate." Similarly, R.C.W. 49.60.030(2) provides "[a]ny person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, .... " 42 U.S.C. § 2000e–5(g). Defendant claims that injunctive relief is inappropriate and unnecessary because any gender discrimination was isolated and therefore fails to constitute the type of egregious behavior which would warrant an injunction.

█ The Ninth Circuit has held that the trial Court should "look to several factors, including the necessity for the relief and the efficacy of alternative remedies; the flexibility and duration of the relief, including the availability of waiver provisions; the relationship of the numerical goals to the relevant labor market; and the impact of the relief on the rights of third parties." *Eldredge v. Carpenters 46 Northern CA Counties Joint Apprenticeship and Training,* 94 F.3d 1366, 1371 (9th Cir.1996). Injunctive relief may be appropriate where the Defendant's discriminatory acts are persistent or egregious, or where necessary to dissipate the lingering effects of pervasive discrimination. In the instant case, while the jury found that

Defendant discriminated against Plaintiffs, Plaintiffs offered little evidence that Defendant's conduct included other female employees. Female witnesses, employed by the Defendant, testified that they did not consider themselves victims of discrimination. Plaintiffs did not show that Defendant discriminated against any other employees based on their gender, indicating that gender based discrimination was neither pervasive, persistent, or egregious.

The Court must also consider the efficacy of alternative remedies. The jury awarded Plaintiff Lamphiear $2,270,500 and Plaintiff Hemmings $1,930,000 not including punitive damages. The Court necessarily must consider whether a combined award of $4,200,500 in damages levied against the Defendant will adequately deter the Defendant from future or continued discrimination on the basis of gender. Here, an award of such magnitude, coupled with intense public scrutiny, is a sufficient deterrent for the Defendant. Further, it is significant to the Court that only Plaintiff Hemmings remains employed with the Defendant and that the jury found against Plaintiff Hemmings on her disparate treatment claim.

█ If the damages award is a sufficient deterrent, then injunctive relief is not necessary or appropriate. *Sanchez v. Philip Morris Inc.*, 774 F.Supp. 626, 630–631 (W.D.Okla.1991); *see also, Webb v. D.C.*, 146 F.3d 964, 976 (D.C.Cir.1998) (stating that a "district court has broad discretion to fashion appropriate equitable relief for a Title VII plaintiff."); *Sledge, et al. v. J.P. Stevens, et al.*, 585 F.2d 625, 646–47 (4th Cir.1978) (holding "where ... effective relief can otherwise be afforded, or where ... an employer ... has made convincing and satisfactory progress toward the goal of equal hiring opportunity ... it will ordinarily be unnecessary for the court to consider the prescription of quotas.").

## PLAINTIFFS' MOTION FOR ATTORNEYS FEES AND COSTS

Plaintiffs' counsel seek fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e–5(k) and R.C.W. 49.60.030(2). Plaintiffs filed a Revised Consolidated Cost Affidavit on July 9, 1999. Defendant objects to the respective hourly rates sought by Plaintiffs' counsel and object to the majority of costs sought by Plaintiffs' counsel. Specifically, Plaintiffs counsel seek a total of $84,974.02 in costs plus attorneys' fees as follows:

| ATTORNEY | NO. OF HOURS | HOURLY RATE |
| --- | --- | --- |
| Richard Eymann | 737.8 | $300 |
| Shawn Price–Sladich | 1,905.4 | $200 |
| Steven Jones | 24.8 | $200 |
| Robert Greer | 4.3 | $200 |
| John Allison | 12.1 | $150 |

Additionally, counsel request that the Court apply a multiplier of 1.5 in consideration of the contingency fee nature of their representation.

Defendant objects to the hourly rates set by Plaintiffs' counsel but do not object to the total number of hours. Defendant contends a more appropriate hourly rate would be $150 for Attorney Sladich and $175 for Attorney Eymann.

█ There is no dispute that attorneys' fees and costs are available to Plaintiffs' counsel in this action. Further, there is no significant dispute as to the factors to consider when determining a reasonable fee. Factors to consider are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12)

awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir.1975).

██ The lodestar amount is presumed to constitute a reasonable fee award. United Steelworkers v. Phelps Dodge Corp., 896 F.2d 403, 406 (9th Cir.1990). Upward adjustments to the lodestar amount are proper only in " 'rare' and 'exceptional' cases." *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir.1987) (citations omitted).

After considering the nature of the case, the award obtained by Plaintiffs' counsel, the time expended by Plaintiffs' counsel, and the contingency fee arrangement under which Plaintiffs' counsel provided their services, the Court determines that an appropriate hourly rate for:

(a) Attorney Eymann is $250 per hour;

(b) Attorney Price–Sladich is $150 per hour;

(c) Attorney Greer is $140 per hour;

(d) Attorney Allison is $125 per hour; and

(e) Attorney Jones is $140 per hour.

Further, the Court will apply a multiplier of 1.25 in recognition of the contingency nature of the attorneys' representation. *See, Bowers v. Transamerica Title Ins. Co.*, 100 Wash.2d 581, 598, 675 P.2d 193 (1983).

The Court awards costs as follows. The Court adopts the Consolidated Cost Affidavit filed by Plaintiffs' counsel on July 9, 1999 (Ct.Rec.275), with the exception of the deposition costs beginning on page 3, line 8, through page 5, line 9, and the professional legal services cost regarding affidavits in support of attorneys' fees found on page 8, lines 18–20. Additionally, the parties agree that the costs award must be offset by $1,500 with regard to a past medical examination. The Court notes that a more liberal recovery of costs is allowed in civil rights litigation. *Blair v. Washington State University*, 108 Wash.2d 558, 573, 740 P.2d 1379 (1987). Therefore, the Court will award $62,638.16 in costs after the deductions noted above

and attorneys' fees as set out below. Accordingly,

**IT IS ORDERED** that:

1. Plaintiffs' Motion for Injunctive Relief, **Ct.Rec. 180, IS DENIED.**

2. Plaintiffs' Motion for Attorneys Fees and for Costs, **Ct.Rec. 182,** is **GRANTED.** Fees are granted in the following amounts:

| Attorney | Hours & Hourly Rate | 1.25 Multiplier | Total Fees |
| --- | --- | --- | --- |
| Richard Eymann | 737.8 @ $250 | X 1.25 | $230,562.50 |
| Shawn Price–Sladich | 1,905.4 @ $150 | X 1.25 | $357,262.50 |
| Steven Jones | 24.8 @ $140 | X 1.25 | $ 4,340.00 |
| Robert Greer | 4.3 @ $140 | X 1.25 | $ 752.50 |
| John Allison | 12.1 @ $125 | X 1.25 | $ 1,890.63 |

Costs are awarded in the amount of $62,638.16 as indicated on the previous page, lines 4–14.

3. Defendant's Renewed Motion for Judgment as a Matter of Law to Disallow Plaintiffs' Double Damages Claims, Punitive Damages Claims and Plaintiff Hemmings' Disparate Impact Claim, **Ct.Rec. 185, IS GRANTED IN PART and DENIED IN PART** as follows:

(a) Defendant's Renewed Motion for Judgment as a Matter of law regarding punitive damages **IS GRANTED.** Plaintiff Hemmings' and Plaintiff Lamphiear's award of punitive damages in the amount of $1,000,000.00 each **IS VACATED** for the reasons stated above and during trial;

(b) Defendant's Renewed Motion for Judgment as a Matter of law regarding the award of double damages to Plaintiff Lamphiear **IS DENIED;** and

(c) Defendant's Renewed Motion for Judgment as a Matter of law regarding Plaintiff Hemmings' disparate impact claim **IS DENIED.**

4. Defendant's Motion to Alter or Amend Judgment in Lieu of New Trial, **Ct.Rec. 191, IS DENIED.**

5. Defendant's Motion for New Trial, **Ct.Rec. 197, IS DENIED.**

The District Court Executive is directed to file this Order and provide copies to counsel.